CITY OF DARIEN *v.* CLANCY, commissioner, *et al.*

HILL, J. 1. The act of 1924 (Ga. L. 1924, p. 101), creating a State board of game and fish, and which authorized the board (sec. 8) "to establish and equip an office for the tidewater commissioner in some convenient place in tidewater Georgia," does not mean that an office temporarily located within such territory shall be permanently established in one fixed place. But such board can, in the exercise of its sound discretion, remove and locate the office of the tidewater commissioner to some convenient place in "tidewater Georgia" that is best suited for its purposes.

2. Where a city located within the territory described in the act of 1924 offered, as an inducement to the State board of game and fish, a certain dock and lights and water free if the office of the tidewater commissioner was located in that city, and the board did accept such inducements by locating the office of the commissioner temporarily within such city, and used such offered inducement, this would not create such "vested rights" in behalf of the city, under the written instrument as set out in the petition, as that the board could not subsequently, in the exercise of a sound discretion, remove such office to another city located within the tidewater territory, which was more "convenient" for the purposes of the board.

3. Under the pleadings and the evidence the court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 6618. FEBRUARY 15, 1929.

*Tyson & Tyson,* for plaintiff.
*F. M. Scarlett* and *Clifford Walker,* for defendants.